ROGERS v. HANSON & Co.

35  283
101  296

35  283
122  711
123  557

1. **Practice:** IN ACTION FOR BREACH OF WARRANTY. In an action on a breach of warranty in the sale of a threshing machine, the defendants before answering moved the court for permission to use the machine in question, for the purpose of testing its capacity to do such work as it was warranted to do. The motion was denied. *Held,* that the action of the court was not erroneous.

2. **Verdict and jury:** SPECIAL FINDINGS. A party has no right, after a general verdict, to have the cause re-submitted to the jury for special findings.

3. —— The refusal of the jury to answer definitely an immaterial question is no ground for a new trial.

4. Sales of chattels: BREACH OF WARRANTY. The rule adopted, that upon a breach of warranty in the sale of personal property, the purchaser may elect to bring his action on the warranty, or rescind the contract by returning or offering to return the article, and bring his action for the money received by the seller.

*Appeal from Wapello District Court.*

THURSDAY, DECEMBER 6.

ACTION upon an alleged breach of warranty in the sale of a threshing machine. The answer admits the warranty, as alleged, and denies the breach. The purchase price of the machine was $710. In consideration thereof, the plaintiffs gave a mare valued at $100, and for the balance executed several promissory notes, varying in amounts and times of maturity.

After trial of the machine, the plaintiffs returned it to the agent of defendants, and demanded the return of the notes and the mare, or her estimated value. Upon the institution of the suit, they caused an attachment to be levied on the machine.

At the trial it was agreed that the jury should return a general verdict, and the court should enter thereon the appropriate judgment. Verdict for plaintiffs. Motion for new trial overruled.

The court adjudged that the contract be canceled, that the mare and notes be returned, and that the attached property be held until the judgment shall be complied with. Defendants appeal.

The further necessary facts are stated in the opinion.

*H. B. Hendershott* for the appellants.

*E. L. Burton* for the appellees.

DAY, J. — I. Before answering, the defendants moved the court for permission to use the attached machine, for

the purpose of trying its capacity to do such work as it was warranted to do. This motion was supported by an affidavit that the sheriff was willing to have the machine so used, and that the attorney of plaintiff would not consent. The court overruled the motion, and the defendants excepted. They now assign this ruling as error. There is no principle of law which renders the granting of defendants' request obligatory upon the court. The attachment was obtained upon the ground of the non-residence of defendants. They offered no security for the return of the property when the test should be completed. It seems too clear for argument that the court did not err in refusing to take it from the custody of the law and place it under that of the defendants.

*1. PRACTICE: in action for breach of warranty.*

II: Upon the argument of the cause to the jury, the attorney of defendants proceeded to comment upon the fact of plaintiffs' refusing to permit defendants to test the machine, as asked by their motion. Plaintiffs objected. The court refused to allow defendants' attorney to pursue that line of argument, for the reason that there was no evidence before the jury that plaintiffs had so refused. This action of the court is assigned as error. The evidence is not contained in the abstract. We must therefore presume that the facts justified the action of the court.

III. After the jury had returned their general verdict they were directed, at the instance of defendant, to answer two special questions, and it was agreed that they might seal their special findings, hand the same to the clerk, and then regard themselves as discharged. One of these questions was as follows: "Did not the threshing machine in controversy, while threshing at Tip Randall's on the test job, do as good work as other Draper machines in use under like circumstances?" To this the jury answered: "Testimony conflicting." It is now urged that the court erred in allowing the jury to be

*2. VERDICT AND JURY: special findings.*

discharged without answering this special question. To this there are several answers: 1st. The jury separated under an agreement of counsel, having returned a sealed verdict; 2d. Defendants did not request that the jury should be sent out to consider further of this special finding; 3d. The question was immaterial; the warranty was that the machine should not only do as good work as any other *Draper* machine, but as good work as any machine manufactured, except the Vibrator; 4th. The defendants had no right, after a general verdict, to have the cause re-submitted to the jury for special findings. This practice enables a party, against whom a general verdict has been found, to confuse the jury with special findings, when he has all to gain and nothing to lose by such confusion. If a party desires special findings, he should submit them to the jury in the first instance, and have them considered in connection with their general verdict.

IV. Next it is urged that the court erred in rendering a judgment rescinding the contract, and requiring a sur-render of the mare and notes. The authorities are irreconcilably in conflict as to the right of a purchaser with warranty, upon a breach of the warranty to rescind the contract and recover the purchase price. As a result of the authorities Parsons states that the purchaser "may return the goods forthwith, and if he does so without unreasonable delay, this will be a rescission of the sale, and he may sue for the price if he has paid it, or defend against an action for the price, if one be brought by the seller." 1 Parsons on Cont. (5th ed.) 592. At the same time he concedes that "some authorities of great weight limit his right to return the goods for breach of warranty to cases of fraud, or where there was an express agreement to that effect between the parties." Id. 593. Upon the other hand in Story on The Law of Sales it is stated that "if the contract be executed, and the goods be completely accepted, so as to pass the property therein to

*Margin note: 3. SALES OF CHATTELS: breach of warranty.*

Rogers v. Hanson & Co.

the vendee, it is very generally held that he cannot elect to rescind the contract and return the goods, after actually receiving them, so as to entitle him to bring an action for money had and received; but he must declare specially on his warranty." Story on Sales (4th ed.), § 421. But it is admitted that in some States it is held otherwise. In *Dole* v. *Fisher*, 1 Cush. 271, SHAW, C. J., said: " It " (a warranty) " is not strictly a condition; for it neither suspends nor defeats the completion of the sale, the vesting of the thing sold in the vendee, nor the right to the purchase-money in the vendor. And notwithstanding such a warranty or any breach of it, the vendee may hold the goods, and have a remedy for his damages by action. But to avoid circuity of action a warranty may be treated as a condition subsequent, at the election of the vendee, who may, upon a breach thereof, rescind the contract, and recover back the amount of his purchase-money, as in case of fraud."

Such is also the rule in Maryland. See *Hyatt* v. *Boyle*, 5 Gill & Johns. 121; *Franklin* v. *Long*, 7 id. 407. The same rule has been declared in Maine. See *Marston* v. *Knight*, 29 Me. 341; see, also, *Bryant* v. *Isburgh*, 13 Gray, 607; *Kurtzman* v. *Weaver*, 20 Penn. St. 422; *Scranton* v. *Tilly*, 16 Tex. 183.

The doctrine of the Massachusetts cases, though, perhaps, not sustained by the greater number of authorities, is, to our minds, the more reasonable and just. We know of no satisfactory reason why one who desires a good article and is willing to pay a price which will command it, should be required to keep an inferior article at a lesser price. Such a construction of the law substitutes for the party's contract an agreement which he did not make, and requires him to accept an article which he would not have purchased if he had known of its defects.

The true rule, it seems to us, is to give the vendee his option to retain the purchased article and recover the

damages sustained, or to restore it within a reasonable time, and recover the price paid.

V. Further it is urged that the judgment for the return of the mare is erroneous, because plaintiffs do not pray such return in their petition. The petition does ask that the contract be rescinded. A rescission of the contract involves a restoration of whatever may have been received under the contract, if still in the possession of defendants.

The foregoing view disposes of all the points urged by appellants in the argument.

Affirmed.