## FUERST v. JACOBSON.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

The decision of a justice of a district court on conflicting evidence will not be disturbed on appeal.

Appeal from fourth district court.

Action by Jacob Fuerst, treasurer of the Furriers' Union, against Simon Jacobson, for money had and received. From a judgment

rendered by a justice, without a jury, in favor of defendant, plaintiff appeals.   Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Benj. F. Gretsch, for appellant.
George Hahn, for respondent.

BISCHOFF, J.   The action was brought to recover the sum of $20, alleged to have been loaned to the defendant by the Furriers' Union, an unincorporated association, of which plaintiff was treasurer, the defendant being a member of the association.   In support of his claim the plaintiff produced four printed forms, each setting forth a promise to pay the sum of five dollars loaned at the time of execution, this repayment to be made when the subscriber should be at work in the season of 1892.   It is undisputed that these papers were signed by the defendant, and that at the time of such signing he received the amount in question; but the defendant's testimony shows that, in the parties' understanding, the money was given to him absolutely upon his application, as of right; he being at that time a member in good standing, and "locked out," in accordance with the order of the association.   He further testified that he was informed at the time of the transaction that the papers referred to were merely receipts which it was necessary for him to sign, and that, relying upon this representation, and being unable to read English, he did so sign them.   According to the extract from the constitution of the association, read upon the trial, it appears that no loans were permitted, and that all money paid to members was to be in the form of gifts.   Evidence was given for the plaintiff to the effect that an amendment to this constitution had been made about a month previous to the payment in question, whereby loans were provided for, but no record of its adoption was produced.   The witness testifying to this fact further stated that the defendant was present at the meeting when the amendment was adopted, and that he voted in favor of it.   This the defendant flatly denied, stating that he was not present at such meeting, and had no knowledge of the amendment.   We consider that the court's determining adversely to the plaintiff is supported by the evidence; for, by giving credit to the defendant's testimony, a finding that the contract to repay was induced by false representations properly results, and an availing defense is thus established.   With the justice's decision upon a conflict of fact, which practically required him to disbelieve the evidence given by one side or the other in reaching his conclusion, we are not to interfere, in the absence of any apparent bias or prejudice, or failure to properly deliberate upon the whole evidence.   The few exceptions taken upon the trial are not relied upon by appellant, and an examination of them discloses no error.   Judgment affirmed, with costs.