SCHMITZ v. STAHL.

(Supreme Court, Appellate Term.　February 24, 1899.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
The decision of the trial court on conflicting evidence will not be disturbed in the absence of proof of bias or prejudice, or unless injustice has been done, or the court has neglected to deliberate on the whole testimony.

2. SALES—BREACH OF WARRANTY—EXPERT TESTIMONY.
On an issue whether boilers sold and delivered were not as ordered, expert testimony that, because of faulty construction and defective material, they leaked and were defective, is inadmissible, where it is not shown that when witness examined them they were in the same condition as when delivered.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Henry Schmitz against Emil Stahl to recover the price of boilers sold to defendant. Defendant admitted the sale, but claimed damages because they were not as ordered. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN- TRITT, JJ.

Seaman Miller, for appellant.

Denman & Denman, for respondent.

FREEDMAN, P. J. The testimony in the case is very voluminous, and we have given it careful examination. There is a sharp conflict of testimony upon all the main questions involved, which makes them questions of fact for the trial court to pass upon. "The decision of a district court justice, rendered upon conflicting evidence, will not be disturbed, in the absence of proof of partiality, prejudice, or bias" (Conklin v. Thompson, 29 Barb. 218; Fuerst v. Jacobson, 29 N. Y. Supp. 54), or unless it is clear that injustice has been done (Mitchell-Vance Co. v. Daiker [Com. Pl.] 19 N. Y. Supp. 378), or unless the evidence be of such a convincing character as to lead to the conclusion that the justice has neglected, through mistake, to deliberate upon the whole testimony (May v. Meierdierck [Com. Pl.] 16 N. Y. Supp. 871). Nothing of the kind appears in this case.

Considerable stress is laid by the appellant upon the exclusion of testimony by the trial judge tending to show that the boilers in question leaked and were defective because of faulty construction and defective material. The testimony offered upon that point would have been competent, had it been shown by the testimony in the case that the boilers were in the same condition when they were examined by the expert witness as they were at the time they were delivered to the defendant. No such testimony appears in the record, nor does it appear that any such testimony was offered. In the absence of such testimony, it was not reversible error to exclude the testimony referred to.

Judgment affirmed, with costs. All concur.