THE TIMKEN CARRIAGE COMPANY, Appellant, v. C. S. SMITH & COMPANY, S. W. SMITH AND MRS. C. S. SMITH, Appellees.

Pleadings; DEMURRER. In a law action a demurrer must point out the specific defects complained of; it is not sufficient to allege simply that the facts stated do not constitute a cause of action or a defense.

Rescission. A contract of sale may be rescinded for breach of warranty.

Sales; WARRANTY: PLEADINGS.    Where goods are sold by a parti-
cular description without the right of inspection there is an
implied warranty that they will comply with the description
Allegations of the answer considered and held to show a
warranty.

*Appeal from Humboldt District Court*—HON. A. D. BAILIE,
Judge.

TUESDAY, APRIL 12, 1904.

ACTION to recover the purchase price of a canopy-topped
wagon.  Defense, rescission of the contract of sale for breach
of an alleged warranty.  A demurrer to the answer pleading
this defense was overruled, and plaintiff appeals.—*Affirmed.*

*R. M. Wright* and *A. D. Bicknell* for appellant.

*Prouty, Coyle & Prouty* for appellees.

DEEMER, C. J.—From the pleading demurred to, we
extract the following facts material to a determination of the
questions presented on this appeal: Plaintiff is a corporation
doing business in St. Louis, Mo.  On October 4, 1900, it
sold to defendants, who reside at Humboldt, Iowa, by descrip-
tion, a canopy-topped wagon, to be delivered on or before
November 2, 1900, f. o. b. Des Moines, Iowa.  On this de-
scription defendants relied.  The wagon shipped did not
answer the description, but was of an inferior quality, in that
it was not of standard grade, and the curtains were inferior,
and of flimsy and rotten material.  The contract of sale con-
tained the following provision: "If on account of defective
material, any part of the vehicle breaks within one year from
date of purchase from us, we will repair or replace such
broken parts free of charge at our factory, and pay freight
one way."  Discovering the defects in the curtains, defend-
ants notified the plaintiff thereof, and requested it to replace
the same according to the contract, but plaintiff neglected and
refused to do so.  Thereupon defendants offered to return the
wagon to the plaintiff, and renewed their offer in the answer
filed by them.  They further alleged in the pleading demur-

red to "that on or about the 28th day of March, 1901, the defendants furnished the plaintiffs with a certain sample of curtain material, and, as a compliance with their printed warranty, offered to furnish the defendants curtains of the same material as the sample, and that on or about the 29th day of March, 1901, the defendants accepted the offer, which offer and acceptance are both in writing; that plaintiffs, instead of furnishing the curtains of the same material as the sample, furnished curtains of light and flimsy material, much inferior to the sample; and that thereupon, and on the 9th day of April, 1901, the defendants elected to rescind the contract, and offered to return the vehicle to plaintiffs, and do now tender the same, but that plaintiffs refused to receive the same." The material parts of the demurrer filed by plaintiff read as follows: "Second. Because the said alleged defense contains no allegations which entitle the defendants to rescind the said contract, or to exercise their option to rescind the same. Third. Because the only relief, if any, to which the defendants would be entitled under the allegations of the said pretended defense, is a relief not asked for in said defense. Fourth. Because the right of the defendants under the warranty set out in said pretended defense, if there is any, is not a right to rescind the contract and return the property to said plaintiff."

The argument covers a very broad field, and raises questions in no manner suggested by the demurrer. Code, section 3562, provides, in substance, that a demurrer must specify the grounds of objection to the pleading, and that it is not sufficient to say that the facts stated in the answer do not constitute a defense. A demurrer in a law action must point out the true ground of objection to the pleading assailed. It is not sufficient simply to say that the facts stated do not constitute a defense, or a particular defense. The exact point should be set out, so that the other party may be advised as to what specific defect is aimed at. *Danforth v. Carter,* 1 Iowa, 546; *Stokes v. Sprague,* 110 Iowa, 89.

The last two grounds of the demurrer probably raise the question as to whether or not a contract of sale may be rescinded for breach of warranty.    They refer to the 2. RESCISSION. relief defendants may have by reason of the defenses pleaded, and not to the substantive value of the facts recited.    Whatever the rule in other states, we are firmly committed to the doctrine that a contract of sale may be rescinded for breach of warranty.    *Upton Mfg. Co. v. Huishe,* 69 Iowa, 561, and cases cited; *Rogers v. Hanson,* 35 Iowa, 287; *Robinson v. Berkey,* 111 Iowa, 550.

We are doubtful as to whether the second ground of demurrer raises any question for our consideration.    It is argued that defendants never returned or offered to return the wagon to plaintiff, either at Des Moines or at St. Louis; that the offer to return was not within a reasonable time; and that it appears that plaintiff made good the alleged warranty. Manifestly none of these questions are specifically pointed out in the demurrer.    Giving to plaintiff the benefit of every doubt, the only question which we may treat as properly raised by the second ground of the demurrer is whether or not the facts stated in the defense show such a breach of warranty as entitled the defendants to rescind.    Plaintiff argues that, as there was an express warranty, a possible implied one is excluded.    No such question is presented by the demurrer. It further contends that the relief to which defendants are entitled under the express warranty is limited by the terms thereof, and that they cannot rescind for breach thereof. This question may perhaps be raised by the demurrer, but it is only by inference.    Plaintiff concedes that if the facts recited show a warranty to the effect that the wagon was well made, of good material, etc., or that such a statement was made at the time of the sale, the defendants would have had the right to rescind, even if the warranty itself had stated that the property might be repaired or replaced by the seller.

Plaintiff also says that the words used in the alleged printed warranty, whereby plaintiff agreed to replace or re-

pair broken parts free of charge, do not constitute a strict
warranty. With this concession in mind, the
sole question on this branch of the case is, do
the facts recited in the answer show a warranty, either ex-
press or implied? It must be remembered that the sale in
this case was by description, and that defendants expressly
allege that the wagon was represented and warranted to be of
a certain grade, style, and character, on which description
the defendants relied, and that the wagon delivered did not
answer this description, but was of a much inferior grade.
It also appears that defendants had no opportunity to inspect
the wagon before it was delivered to them. It is further
shown that the plaintiff agreed to replace or repair any breaks
in the vehicle, due to defective material, occurring within one
year from the date of purchase. Further it is alleged that
plaintiff attempted to remedy some of the defects, by fur-
nishing material according to a sample exhibited to defend-
ants, but that it failed to furnish the material according to
the sample. It is a general rule that, where goods which are
not subject to inspection are sold by a particular description,
an implied warranty arises that the goods are of that descrip-
tion. *Chapman v. Murch,* 19 Johns. 290, (10 Am. Dec.
227); *Briggs v. Hunton,* 87 Me. 145 (32 Atl. Rep. 794, 47
Am. Rep. 318); *Wolcott v. Mount,* 36 N. J. Law, 262 (13
Am. Rep. 438); *Winsor v. Lombard,* 18 Pick. 57; *Gould v.
Stein,* 149 Mass. 570 (22 N. E. Rep. 47, 5 L. R. A. 213
14 Am. St. Rep. 455); *Forcheimer v. Stewart,* 65 Iowa, 593.
That there was a breach of this warranty is distinctly alleged
in the answer. The provision as to repair or replacement of
broken parts was for the benefit of the buyer, and was not
intended to limit his relief. *Blaess v. Nichols Co.,* 115 Iowa,
373; *Elwood v. McDill,* 105 Iowa, 437; *Alpha Co. v. Brad-
ley,* 105 Iowa, 537; *Bucy v. Pitts Co.,* 89 Iowa, 464. De-
fendants gave plaintiff an opportunity to remedy some of the
defects, but it failed and neglected to do so. This was a
sufficient performance of the printed condition or warranty.

3. SALES: war-
ranty: plead-
ing.

We have not discussed every question argued, for reasons already suggested. There are really but two questions in the case, and these are, first, was there an implied or *quasi* contract of warranty in the sale of the wagon? and, second, may defendants rescind for breach thereof? These questions being answered in the affirmative, it is clear that the court was right in overruling the demurrer, and the judgment is AFFIRMED.