G. M. BILLMEYER, Appellant, v. QUEEN MANUFACTURING CO.

**Evidence:** EXPERT OPINION. Where a witness has shown his competency to speak as an expert he may give his opinion as to the condition and value of machinery which he has examined.

**Same:** RELEVANCY. Where the answer of a witness relates to a matter proper for consideration it will be received, although in response to a question objectionable as too general.

**Same:** OPINION EVIDENCE. One who has inspected machinery may testify as to the condition in which he found it; and his statement that the same was worthless, based on his description of its condition, such statement having relation to its usefulness, was not

prejudicial, although his competency to testify on the question of value was not shown.

**Sales:** RESCISSION: EVIDENCE. Where a final contract of sale was consummated as a result of all the prior negotiations between the parties, it is competent for the purchaser, in an action to rescind for misrepresentation, to state the conversations.

**Same:** RESCISSION. Where machinery was loaded upon a car and transported to its destination without any agreement or, understanding that the buyer should take the same at his peril, he may rescind within a reasonable time after inspection, if the condition of the property is not as represented by the seller.

**Same:** FAILURE OF CONSIDERATION. A due bill given for the purchase price of property, which is rejected by the buyer because not complying with the representations of the seller, is void for want of consideration.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

TUESDAY, MARCH 7, 1911.

ACTION to recover the value of certain property called for under a duebill which plaintiff had taken by assignment from one Flack. The defendant pleaded fraud and want of consideration, and the court instructed the jury that plaintiff was entitled to recover the agreed value of the property called for by the duebill, unless it appeared by a preponderance of the evidence either that the contract, in pursuance of which the duebill was given, was procured by fraudulent representations, or that the duebill was without consideration. There was a verdict for the defendant, and from judgment on this verdict plaintiff appeals.—*Affirmed.*

*D. C. Chase,* for appellant.

*Wesley Martin* and *J. L. Kamrar,* for appellees.

McClain, J.—In pursuance of a contract for the sale of a secondhand automobile by one Flack to the defendant, a duebill was executed by defendant for the delivery to said Flack of $800 worth of flat steel mats at twenty-seven cents per square foot; such mats being the manufacture of the defendant. Defendant delivered to Flack a small portion of the mats, but, when plaintiff as assignee of the duebill demanded delivery of the balance in accordance with his order, such delivery was refused, on the ground that in the contract of sale of the automobile Flack had made false and fraudulent representations as to its character and condition, and on the further ground that defendant had refused to accept the automobile, basing such refusal on the alleged fact that the machine did not correspond with Flack's representations and was worthless. There was evidence tending to show that the machine was not as represented by Flack, and also that it was worthless for the purposes of an automobile. It appeared without dispute that the machine was shipped to defendant by rail, and that, when defendant's manager inspected it without removing it from the car, he declined to accept it and notified Flack of that fact. The defendant did not, in fact, accept or take possession of the machine, and the sole question in this respect is as to whether under the circumstances the defendant was in duty bound to accept, and should be charged accordingly.

I. Various exceptions to the rulings of the court in receiving or rejecting evidence may be disposed of without elaborate discussion, as they involve questions of law about which there can be no dispute. A witness who saw the machine on the car when it reached its destination, and was inspected by defendant, was allowed to testify as to its condition, and to say that in his opinion it was not worth anything to use as an automobile. There was no error in this ruling, for the witness after examination by the court showed his compe-

1. EVIDENCE: expert opinion.

tency to express an opinion as an expert, and was justified on such an examination of the machine as would qualify him to speak of its condition. Another witness for the defendant gave testimony to the same effect after similar examination showing his qualification and the objection to his testimony was properly overruled.

Defendant's manager as a witness was allowed over objection to state the conversations and transactions between himself and Flack relating to the trade for the automobile. 2. Same: rele- While the questions in response to which vancy. this testimony was given may have been objectionable as too general in their nature, his answers related to matters which might properly be taken into consideration in determining the conditions of the contract, and there was no prejudice resulting to plaintiff in the overruling of the objections.

Objection to the testimony of the same witness that he inspected the machine on the car, and it was not in running order, was properly overruled, because the witness 3. Same: opin- testified as to such condition on an examina- ion evidence. tion, and was qualified to speak as to its condition. A question asked of this witness as to what the machine was worth as thus inspected was perhaps objectionable on the ground that the witness had not shown his competency to testify on the question of value of such a machine as described, but his answer that it was worthless, based on his description of its condition, was certainly not prejudicial. Such answer did not relate to the money value of a secondhand automobile, but to the usefulness of the machine in the condition in which he found it.

Defendant's manager testified to a conversation with Flack about six months prior to the final 4. Sales: rescis- rejection of the machine as offered, and sion: evi- dence. plaintiff's motion to strike out this testimony was overruled. In this there was no error, for it clearly

appears that the final contract relating to the delivery of the machine was consummated as a result of the prior negotiations, although in the meantime Flack had attempted to repudiate any objections under the first negotiations, and defendant's manager had insisted that a contract should be made as contemplated in such negotiations. There can be no question that the contract as finally concluded had relation to all the negotiations which had been conducted between the parties.

II. Certain instructions are complained of on the ground that they erroneously presented the rule of law as to the effect of false and fraudulent representations of the condition and character of the property covered by a contract of sale. The objection as applied to this case seems to be that defendant did not rely upon such representations, but contracted to buy in reliance on the judgment of its manager. It is sufficient to say that no such question was presented by the evidence. The manager had not inspected the machine prior to the conclusion of the contract, and that fact was well known to Flack. In response to the demand of defendant's manager that the machine be shipped, it was loaded upon a car and transported to its destination without any agreement or understanding that defendant was purchasing at its peril. While for some purposes there may have been a passing of title to defendant when the machine was delivered to the common carrier for transportation, it is well settled that a buyer under such circumstances has the right to inspect and reject if the property does not correspond to the seller's representation as to its condition. *Alsberg v. Latta,* 30 Iowa, 442; Mechem's Sales, section 746. Until there has been an acceptance, the right to rescind on the ground that the seller had fraudulently misrepresented the quality and condition of the thing sold is not lost, although there has been a delivery to the common carrier which in itself is sufficient to pass title. 24

5. SAME: rescission.

Am. & Eng. Ency. (2d Ed.) 1088.    The case of *Whitlock v. Workman,* 15 Iowa, 351, relied upon by appellant, is not in point, as it relates to the question of place of contract and not the place of acceptance.    In this state rescission is allowed to the buyer as a remedy for breach of warranty express or implied, and, if the machine shipped by Flack did not correspond to his representations or was not suitable for use as an automobile, the defendant had the right to refuse it within a reasonable time after inspection. *Rogers v. Hanson,* 35 Iowa, 283; *Upton Mfg. Co. v. Huiske,* 69 Iowa, 557; *Timken Carriage Co. v. Smith,* 123 Iowa, 554.    As the defendant promptly rescinded on inspection, it was not bound to pay the contract price and the duebill became invalid for total failure of consideration.

III.    The issue as to want of consideration for the duebill sued upon was raised in the pleadings, and was properly submitted to the jury.    If the defendant rightfully rejected the machine as not complying with the terms and conditions of the contract, then the consideration for the duebill totally failed, for the defendant got nothing for the transaction.    The worthlessness of the machine as an automobile was not the basis of failure of consideration, but the basis for a rescission, and, if the rescission was rightful on account of the breach of express or implied warranties or conditions, then, even though the machine may have had value for some purposes, nevertheless the failure of consideration was complete because nothing passed to the defendant under the contract.    After the rejection of the machine, whatever it may have been worth, it was the property of Flack.

6. SAME: failure of consideration.

No error appears in the record, and the judgment is therefore *affirmed.*