[No. 9236. Department One. April 14, 1911.]

# H. L. KLOCK, *Respondent*, v. H. D. NEWBURY, *Appellant*.[1]

SALES—RESCISSION—WAIVER. Repairs on a touring car, which did not materially change its condition, do not waive the purchaser's right to rescind the sale for breach of warranty.

SAME—ESTOPPEL. An offer by the purchaser of a touring car to permit the seller to put the car in order, not accepted by the seller, does not estop the purchaser from rescinding the sale for breach of warranty.

SALES — WARRANTY — CAVEAT EMPTOR—OPPORTUNITY TO INSPECT. The rule of *caveat emptor* does not apply to the sale of a motor car under an express written warranty that it was in first-class condition, even if the purchaser had an opportunity to inspect it.

SAME—RESCISSION BY VENDEE—DILIGENCE—PLEADING. A complaint for a rescission of a contract of sale for breach of warranty is sufficient without stating facts showing the exercise of ordinary care by the plaintiff to discover the defects, where the defects were latent, or it does not appear on the face of the complaint that the defects could have been discovered by the exercise of ordinary care.

SALES—RESCISSION—TENDER. Upon rescission of the sale of a motor car, returning it to the garage where the delivery was made, with a written order for it, constitutes a sufficient tender.

SAME. The tender of a motor car, on rescission of the sale, is not objectionable because the car was dismantled, where the seller sanctioned the dismantling in order to repair the car and make it comply with his warranty.

SALES—WARRANTY—BREACH—FRAUD. An executed contract of sale may be rescinded for breach of express warranty without proof of fraud on the part of the seller in making the sale.

Appeal from a judgment of the superior court for King county, Gay, J., entered June 11, 1910 upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*James B. Murphy* and *Milo A. Root*, for appellant.

*S. H. Steele*, for respondent.

[1] Reported in 114 Pac. 1032.

FULLERTON, J.—The respondent, plaintiff below, brought this action against the appellant to rescind a contract of sale. In his complaint the respondent alleged, in substance, that on June 9, 1909, he purchased from the appellant a certain Wayne Touring car for the sum of $1,025, and received from the appellant, on the delivery of the car, a bill of sale and warranty in the following form:

"Seattle, June 9th, 1909.

"I, H. D. Newbury, hereby sell outright to H. L. Klock, one sixty horsepower Wayne Touring car; I hereby represent and guarantee the machine to be in first class order.

"H. D. Newbury."

He then alleged that, after receiving the car and paying the purchase price, he discovered that the car was not a sixty horse power car, nor in first-class order, but was rated by the manufacturer as a fifty horse power car only, and was so far out of order that it could not be operated with safety, enumerating some eleven different particulars wherein he found the car defective. He further alleged that he made some minor repairs to the car at a cost to himself of $49.90, while attempting to put the car in order; that he did not succeed therein, and called upon the appellant to put the car in order, but that the appellant neglected and refused so to do; and finally, on June 19, 1909, he tendered a return of the car to the appellant and demanded a return of the purchase price. He also alleged want of knowledge on his part of the defective condition of the car at the time he purchased it; that the appellant well knew of its defective condition at that time; and that the appellant deceitfully and fraudulently made the warranty as to the condition of the car for the purpose of cheating and defrauding the respondent. The prayer of the complaint was for a rescission of the contract and for the recovery of the purchase price paid, together with $49.90 paid for repairs, and fifty dollars alleged to have been suffered as damages because of time lost in an attempt to operate the car. The answer was in effect a general denial. The trial,

which was had without the intervention of a jury, resulted in findings and a judgment in favor of the respondent for a rescission of the sale and the recovery of the purchase price with interest.   This appeal followed.

It is first contended that the complaint is not sufficient to support a decree of rescission because it contains allegations which are sufficient in law to show an election on the part of the appellant to keep the car, and to estop him from claiming the right to rescind.   This contention is founded on the allegations of the complaint to the effect that the appellant expended $49.90 in repairs on the car, and repeatedly called upon the appellant to put it in order before he elected to rescind.   But we think the contention untenable.   Had the respondent, by the repairs made to the car, substantially changed its condition so that it could not be returned to the seller in the condition in which it was received, the objection would have validity, but if the repairs did not effect a material change in the car, or substantially alter its condition, there is no reason why it could not be lawfully returned to the seller, and in so far as the complaint shows, there was no such alteration or change.

Nor did the fact that the purchaser offered the appellant an opportunity to make good his guarantee waive the right. The offer was not accepted by the seller, and his position with reference to the sale was in no manner affected thereby.   Voluntary acts on the part of the purchaser of a chattel under a warranty of condition, which will operate as an estoppel of the right to rescind, must be such as affect the seller and cause a change in his situation with reference to property, making it inequitable to enforce the remedy.   Offering the seller an opportunity to make good his warranty does not change the situation of the seller with reference to the property, and so far from being censurable and the waiver of rights under the contract, the practice is commendable.

A second objection to the complaint is that it is not alleged therein that the respondent had no chance to know about the

condition of the machine before paying for it.   But the doc-
trine of caveat emptor has no application when there is an
express warranty of condition, such as there was in this case.
The plaintiff alleges that he had no actual knowledge of the
defective condition of the car, and it is not enough to defeat
the action on the seller's express warranty to show that he had
an opportunity to examine and failed to exercise it.   The
cases of *Hulet v. Achey*, 39 Wash. 91, 80 Pac. 1105; *Walsh
v. Meyer*, 40 Wash. 650, 82 Pac. 938, and their kindred cases,
cited and relied upon by the appellant, were not cases upon ex-
press warranties.   In each of these cases the purchaser sought
to rescind because of false representations made by the seller
to him to induce the purchase, and it was held the purchaser
could not rescind because of the false representations when
the opportunity was presented him to ascertain the condi-
tion of the thing purchased and the falsity of the represen-
tation before the purchase was completed.   But it was not
held, nor intended to be held, that a purchaser may not rely
upon the express written warranty of the seller as to the con-
dition of the article purchased by him, even though he had
the opportunity to ascertain for himself the condition of the
article.

It may be doubted also, we think, whether the question here
suggested can be raised in this instance by an objection to
the complaint.   The rule of nonliability for false represen-
tations as to the condition of an article is applicable only in
those cases where the defect is patent, and can be ascertained
by the exercise of ordinary care and prudence.   The defects
pointed out in the complaint here were so far latent as to re-
quire a dismantling of the car to ascertain them.   We do not
think the purchaser would have to go that far in order to
recover for false representations as to the condition of the
car.   But at any rate, before a complaint could be said to
be so far defective as not to state a cause of action for a
rescission, on the ground of want of the exercise of ordinary
care in failing to discern defects in the article purchased, it

must appear on the face of the complaint that the defect was
one that could have been discovered by the exercise of
ordinary care; it is not enough that the complaint is silent
as to the fact.

It is next objected that there was no sufficient tender of a
return of the machine to authorize a decree of rescission, the
precise objections being that it was not tendered to the ap-
pellant personally, and was in a somewhat dismantled con-
dition when the tender was made.   The delivery to the re-
spondent, at the time of the purchase, was made at a garage
where the appellant kept the car when not in use. · The tender
of a return of the car was made at the same place, that is to
say, the respondent returned the car to the garage and gave
the appellant a written order for it.   This was sufficient
under the circumstances.   When the article desired to be
tendered is of such bulk and weight that it cannot be taken
into the bodily presence of the person to whom it is desired to
tender it, it may be deposited in some public warehouse, or
with some concern making it a business to store and keep such
articles, and give the person to whom it is desired to be
tendered a written order on the depository for its delivery.
Of course the charges for storing or keeping the article, if
any, must be paid up to the time the order of delivery is
given, and for such reasonable time thereafter as may be ne-
cessary to remove the article, but there is no question on this
score in the present case.   The objection that the car was in
a dismantled condition has no force in the case at bar owing
to the peculiar facts of the case.   The dismantling was done
with the appellant's sanction in order that he might have
such repairs made as would make the car comply with his
warranty, and it was tendered to him in the shape it was left
after he refused to make further repairs thereon.

It is next contended that the respondent has mistaken his
remedy.   That a buyer cannot, in the absence of fraud on the
part of the seller, or an agreement giving him the right,
rescind an executed contract of sale for a breach of warranty,

his remedy in such a case being an action for damages; it being contended further that, although it was alleged, and the court found, otherwise, there is no evidence of fraud on the part of the appellant. While there is a conflict of authority on the question here suggested, we think the better rule is against the contention that fraud in making the sale, on the part of the seller, must be shown before an executed contract of sale can be rescinded for breach of warranty. A chattel is usually purchased for a specific use, and if it proves unfit for that use because it is not in the condition the seller warranted it to be in, the result to the purchaser is the same whatever may have been the intent of the seller. And since the law affords a remedy to the purchaser because of the injury that is done him by the breach of the contract of sale, it would seem that the remedy ought to be enforced without instituting an inquiry as to the intent with which the seller acted. Intent is material inquiry where smart money, or some form of punishment of the guilty party is a part of the remedy; but the inquiry can have no place in an action where the sole purpose is compensation for the injury inflicted. *Milliken v. Skillings*, 89 Me. 180, 36 Atl. 77; *Mundt v. Simpkins*, 81 Neb. 1, 115 N. W. 325, 129 Am. St. 670; *Timken Carriage Co. v. Smith & Co.*, 123 Iowa 554, 99 N. W. 183; *Houser & Haines Mfg. Co. v. McKay*, 53 Wash. 337, 101 Pac. 894, 27 L. R. A. (N. S.) 925; *Womach v. Case Threshing Mach. Co.*, 62 Wash. 661, 114 Pac. 509.

The question, therefore, whether there was fraud in making the sale, on the part of the seller, is not material, and we need not inquire whether the evidence supports the finding of the court to that effect.

The other errors assigned need no special consideration. The judgment is affirmed.

DUNBAR, C. J., PARKER, MOUNT, and GOSE, JJ., concur.