[No. 10665.  Department One.  March 6, 1913.]

ROSE HIGSON, *Respondent*, v, MARGARET J. HUGHES,
*Appellant*.[1]

SALES—ACTION FOR PRICE—DEFENSES—FAILURE OF TITLE—RESCIS-
SION—FRAUD—DILIGENCE.  Upon the sale of a lodging house, sub-
ject to three debts described as chattel mortgages, the fact that one
debt was evidenced by a conditional bill of sale does not authorize
the purchaser to plead "failure of title or breach of warranty of
title" in an action for the purchase price, commenced long after the
sale, where there was no offer to rescind, the defendant was not dis-
turbed in her possession or prejudiced, and there was no fraud or
bad faith, but a mere inadvertence in describing the debt.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered February 26, 1912, upon find-
ings in favor of the plaintiff, in an action on contract, tried
to the court.  Affirmed.

*Caldwell & Riddell*, for appellant.

*Penrose L. McElwain* and *E. V. Griswold*, for respondent.

CHADWICK, J.—Plaintiff brought suit to recover on a prom-
issory note, given in part payment for a lodging house previ-
ously sold by her to the defendant.  The defendant answered,
setting up a "failure of title or breach of warranty of title
to the property conveyed."  From a judgment in favor of
plaintiff, defendant has appealed.

The first contention made in the briefs goes to the facts of
the case.  It will serve no purpose to review them.  We have
read the record and agree with the trial judge that plaintiff
is entitled to recover, unless there was a breach of covenant
of title.  A part of the consideration for the property sold
was the assumption on the part of the defendant of three
several debts described in the bill of sale as chattel mortgages.
One of these items of debt was in fact evidenced by a condi-
tional bill of sale.  The court found, and we think properly

[1]Reported in 130 Pac. 478.

so, that there was no intention to defraud, that the debt was described and understood, and that the use of the words, "chattel mortgage" was an inadvertence. It may be admitted that there is a difference between the legal effect of the chattel mortgage and a bill of sale. In case of foreclosure, the mortgagor might pay the debt at any time before judgment and release the property; whereas, if possession is taken under a conditional bill of sale, no grace or time would remain in the vendee. But we do not think this rule, if it be a rule, should obtain in all cases and without qualification. This action was begun by the vendor long after the sale and after a deferred payment had matured. It nowhere appears that the vendee has been, or will be, disturbed because of the difference in the character of the instruments evidencing the debt. The time elapsing would imply that she was willing to accept the property whether covered by chattel mortgage or a conditioned sale, and meet the debt when due; for, if she had desired in the first place to rely upon the alleged misrepresentation, she could have brought an action to rescind at once. This she did not do, but has contented herself by keeping and conducting the lodging house and offering rescission only as a defense. The general rule is that failure of title operates as a failure of consideration, and so long as the purchaser is not disturbed in his possession, he cannot plead rescission upon suit for the purchase price unless the seller was guilty of fraud in relation to the title. 35 Cyc. 542.

Whether this rule prevails in its entirety in this state (*Klock v. Newbury,* 63 Wash. 153, 114 Pac. 1032), we do not now decide; but it is certain that rescission is a doctrine sustained by reference to equitable principles, and must be resorted to within a reasonable time after the defect or breach of warranty is known or might have been known. As a defense to an action at law, rescission is not favored. The burden of acting and acting promptly is on the one asserting the right to rescind. To act only after the lapse of time and upon suit to recover the purchase price, nothing appearing

to excuse the delay, will bar the right to rescind. The case of *Baker v. McAllister*, 2 Wash. Ter. 48, 3 Pac. 581, is relied upon by appellant. Without questioning that case or its proper application to the existent facts, we think where bad faith is not proved and cannot be imputed to the seller and time has elapsed, that the later case of *Decker v. Schulze*, 11 Wash. 47, 39 Pac. 261, 48 Am. St. 858, 27 L. R. A. 335, is more in point. In the first case there was a "lien not known to the vendee," and the property was taken by the claimant through no fault of his own. Here there was no concealment of any material fact; the defendant has not been disturbed; she has not moved upon her right, but has retained the property. She has not done equity, nor has she been vigilant, and therefore she cannot recover.

Judgment affirmed.

CROW, C. J., GOSE, PARKER, and MOUNT, JJ., concur.