[Civil No. 3181.   Filed October 3, 1932.]

[14 Pac. (2d) 714.]

HARRY BRODERICK, Guardian *Ad Litem* for IRENE BRODERICK, a Minor, Appellant, v. A. H. COPPINGER and R. L. WALKER, Appellees.

Messrs. Cox, Moore & Janson, for Appellant.

Messrs. Young & McKinney, for Appellees.

LOCKWOOD, J. — Harry Broderick, guardian *ad litem* for Irene Broderick, a minor, hereinafter called plaintiff, brought suit against A. H. Coppinger and R. L. Walker, hereinafter called defendants, to recover damages for an alleged injury caused to Irene Broderick through the negligent driving of an automobile by Walker while he was in the employ of Coppinger. The case was tried to a jury, which returned a verdict in favor of the defendant, and, after the usual motion for new trial was overruled, this appeal was taken.

The complaint alleges the negligence to consist of (a) the driving of the automobile in question while it had defective brakes; and (b) general careless driving.

There are four assignments of error which we will consider in their order. The first is that the court erred in permitting defendants to show that a test was made of the brakes on the automobile after the accident, and that they were then found to be in good condition. It is admitted by plaintiff that the result of such a test may be offered in evidence provided it is shown first that the brakes at the time of the test were in the same condition as they were when the accident occurred, but it is contended that no such showing was made by defendant in this case.

The general rule of law is that a competent witness may testify to the condition of machinery when such condition is a material issue in a case. *Odegard* v. *North Wisconsin Lbr. Co.*, 130 Wis. 659, 110 N. W. 809; *Billmeyer* v. *Queen Mfg. Co.*, 150 Iowa 318, 130 N. W. 115; 22 C. J. 650. When the issue is as to the condition of machinery at the time of an accident, it must, of course, appear that it was in substantially the same condition at the time of the test as at the time of the accident. *Schmitz* v. *Stahl,* 26 Misc. 788, 56 N. Y. Supp. 195; 22 C. J. 758. It is for the court to determine whether this proof has been sufficiently made as a matter preliminary to its introduction, and an appellate court will not question the decision of the trial court unless it appears affirmatively that the rule is violated. *Huggard* v. *Glucose Sugar Ref. Co.*, 132 Iowa 724, 109 N. W. 475. The best method of proof, of course, is to show by competent witnesses that the object which has been tested has at all times been in the possession of the witnesses, so that it would have been impossible for the condition to be changed. Contrary to the opinion of many counsel, this extent of proof, however, is not absolutely necessary. The mere possibility that other persons may have had access to the object so that it *might* have been changed does not render the result of the test inadmissible, but merely goes to the weight to be

given it by the jury. *Owens* v. *Iowa County*, 186
Iowa 408, 169 N. W. 388; *State* v. *Hays*, 38 S. D.
546, 162 N. W. 311. The result in each case must
be determined by the evidence offered and the sound
discretion of the trial court.

In order, therefore, to determine whether the evi-
dence offered by defendants on this point was prop-
erly admitted, we must consider whether or not a
sufficient showing of similarity of the condition of
the brakes was made. The evidence on this point,
taking it in the strongest light in favor of defendant,
as we must take it for this purpose, shows substan-
tially as follows: Immediately after the accident, the
truck was driven by defendant Walker, in company
with certain police officers, to the police station and
left standing in the street near the station for a
period of time which does not appear in the record.
It was then driven to the Maricopa Creamery, where
it was left parked for a short time, and thereafter
driven to the Automotive Service Station, where it
was tested by a mechanic. The total length of time
from the accident to the testing was between two and
three hours. Each of the witnesses who handled
the truck during this period, including both defend-
ants, testified that the condition of the brakes was
not altered by them nor at their direction, and there
is no evidence that it was altered by anyone. The
defendants are obviously the only persons who would
have had any reason for changing the condition of
the brakes for the better. We think that under these
circumstances a sufficient showing was made so that
the result of the test was admissible, the jury, of
course, being the final judges as to the truth or the
falsity of the testimony. Had counsel for plaintiff
desired special instructions covering the various
phases of the law upon this point, they should have
asked for it.

The second assignment is that the court erred in permitting defendants to show that Irene Broderick's mother had recovered damages from defendants in another suit arising out of the same accident. It appears that plaintiff had testified to Irene Broderick's physical condition, and was asked on cross-examination whether he had ever had her eyes tested, to which he replied that he had no money, whereupon the following colloquy ensued:

"Q. But you received $4,500.00, did you not? A. Yes, sir, afterwards.

"Mr. Cox: Just a minute, we object to that, and we ask that counsel be instructed not to make statements of this kind—

"Mr. Young: Q. And you have not paid one cent received in this case? A. Not in this case, that is true."

It will be observed that in the quoted testimony no reference whatever was made to any case of such a nature that the jury could know thereby that there had been a previous lawsuit arising out of the accident sued on in the present case. It does appear, however, from other parts of the record, that various references had before been made, both by counsel for plaintiff and counsel for defendant, to a previous suit arising out of the accident, and no objections were made to such references. The first time this suit was injected into the present case was by counsel for plaintiff when they cross-examined defendant Walker under the statute in regard to a deposition taken in the former case. Even assuming that the question objected to by plaintiff was not admissible, a matter which is at least open to serious doubt, we think that, since he first brought into this case the fact that there was a previous suit, he cannot well complain that the jury was advised to that effect, and so might have inferred from the question

objected to that the $4,500 was recovered in the case referred to.

The third assignment of error is that portions of the argument of counsel for the defendants were improper and objectionable. These improper arguments, in substance, were statements by counsel as follows:

"If Dr. Greer had gone on the stand, I believe he would have told a different story: If you had allowed Dr. McLoone I believe he would have told a different story; if the nurse had been called, I believe she would have told a different story; if the school teacher had been called, I believe she would have told a different story."

The court had previously stated to the jury as follows in regard to what was presumably a similar remark by counsel, although it does not affirmatively appear in the record what the first remark was:

"Mr. Cox: May it please the court, we object to that statement of counsel about what Dr. Greer's testimony would be. That is unfair, what Dr. Greer would tell. Dr. Greer didn't tell anything in this case.

"The Court: I think that is unfair. You may draw inferences from what has been said, but don't say what the witness would say.

"Mr. Cox: I ask that the court instruct the jury not to regard that statement.

"The Court: This, gentlemen, you will understand, is simply argument anyway and is not evidence. It is the province of the jury to draw inferences, and the conclusion of Mr. Young as to what Dr. Greer would have said, you will disregard in making up your verdict."

There is no doubt that the remark of counsel was improper. In argument it is always permissible to comment on the evidence actually received, but it is never proper to suggest that, if other evidence had been admitted by the court, it would have been of a

certain nature. But merely because the remarks of counsel are improper it does not necessarily follow that a case must be reversed on that ground. It must also appear that the remarks were of such a nature as to affect the result of the trial. We have frequently reversed cases for objectionable remarks in arguments, and we have as frequently refused to reverse them for similar remarks, the result depending on our opinion as to their probable effect. It appears that counsel for plaintiff was not wholly free from error in this respect, for certain portions of his closing argument might well be taken by the jury as an intimation that defendants would not themselves have to pay any judgment, since they were protected by liability insurance, an allusion which we have repeatedly held is in the highest degree prejudicial. Under the circumstances, we think the error complained of is not sufficient to justify a reversal.

The fourth and final assignment of error is that the verdict is contrary to the evidence, in that the testimony of defendant Walker shows affirmatively and conclusively he was guilty of negligence, and that plaintiff was entitled to at least nominal damages. The testimony referred to is that, when he knew the automobile which he was driving had struck the little girl and knocked her down, he released his brakes and drove on over her prostrate body, and it is urged most strenuously that this was necessarily negligence. Had there been no further explanation of the incident by the witness, and had it appeared his so driving on injured the child, there might be some force to the contention, but he testified that the reason that he did so was because he knew from the direction in which she fell, by driving ahead the automobile would clear her body, while if he attempted to stop it she might struggle out under the wheels and so become more seriously injured. The test of negli-gence is what a reasonably prudent man would do

under the circumstances, and, in view of Walker's explanation, we cannot say that a reasonably prudent man under the circumstances might not have acted as did Walker. Further than that, the undisputed testimony is that driving the car on after the child fell in no manner caused or increased her injuries. For these reasons we cannot say as a matter of law that Walker was guilty of actionable negligence in driving on after he struck her.

There is no complaint in regard to the instructions of the court, and they seem to have stated correctly, though in somewhat general terms, the law to be applied under circumstances as developed by the evidence in this case. Had either counsel desired more complete instructions on any phase of the case, it was their duty to ask for it.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.